**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| YOSUF CHAUDHRY AND AMENA ALVI, on their behalf and on behalf of their minor daughter, A.C., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| COMMUNITY UNIT SCHOOL DISTRICT 300 BOARD OF EDUCATION, FRED HEID, in his official capacity as Superintendent of the Community Unit School District 300, AND PIERRE THORSEN, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES**

1.  For several years, Community Unit School District 300 Board of Education ("D300") established and promoted the teaching and proselytizing of Christianity through a number of practices, including the hiring and retention of Defendant Pierre Thorsen and the promotion of an after-school club where Thorsen could influence children to accept the Evangelical Christian faith.

2.  Defendant Pierre Thorsen, an avid lecturer at evangelical churches in the community, during the course of his employment at D300, used his history class and after-school club at Jacobs High School to influence confused students.

3.  Plaintiffs Chaudhry and Alvi enrolled their daughter (hereinafter referred to as "B.D.") at Jacobs High School – a high school within D300.  Within a few months, B.D. was subject to the Defendants' improper indoctrination.

1

4.   The indoctrination took the form of ridiculing B.D.'s Islamic faith during history class, presenting B.D. with one-sided "proofs" of Christianity during the school day, giving B.D. a copy of the Bible, and ultimately connecting B.D. with individuals outside of school that she could talk to about conversion and emancipation from her parents.

5.   D300 was aware of Thorsen's after school club.  Past students had long described the club and Thorsen's forceful advocacy of Christianity. Thorsen's online lectures advocated using history to convince non-believers to accept Christianity.  D300 was aware or should have been aware of this custom within the district.

6.   Due to Defendants' actions, Plaintiffs have become estranged from their daughter.  B.D., due to Defendants' manipulation, adopted the Christian faith and is seeking to emancipate herself from her parents after strategizing with individuals introduced to her by Defendant Thorsen.

7.   Plaintiffs Chaudhry and Alvi assert that their daughter should have been free to attend public school without exposure to state-sponsored religious messaging and active conversion techniques.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

9.  Venue is proper pursuant to 28 U.S.C. § 1391(b) as all parties are domiciled in the district and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

10. Plaintiffs Yosuf Chaudhry and Amena Alvi are the parents of minor Plaintiff B.D. Plaintiffs currently reside in Carpentersville, IL.  They are followers of the Islamic faith.

11. Plaintiff B.D. is a student at Jacobs High School in Algonquin, IL. Jacobs High School is part of D300.

12. Defendant D300 is a local governmental entity under the State of Illinois. D300 has the power to sue or be sued. D300 controls, operates, and supervises all schools within the District, including Jacobs High School. D300 is responsible for prescribing and enforcing certain rules and regulations for all schools in the District.

13. Defendant Fred Heid was, at all relevant times, the Superintendent of D300. He is responsible for creating, enforcing, and evaluating policies and procedures for schools in the D300.

14. Defendant Pierre Thorsen is an individual, who was employed as a teacher at Jacobs High School. At all relevant times, Defendant Thorsen acted within the scope of his employment. He is being sued in his personal and official capacity.

15. All Defendants were acting under the color of law.

## FACTUAL ALLEGATIONS

16. For many years, D300 employed Defendant Thorsen as a teacher at Jacobs High School.

17. Defendant Thorsen taught 9th grade history at Jacobs High School. His history class included teaching students about world religions.

18. Outside of school, Defendant Thorsen lectured at nearby churches about how to use history to proselytize to non-believers.

19. During his time at Jacobs High School, Defendant Thorsen established a Christianity student group called "Uprising". Uprising was a club where students studied the Bible and where Defendant Thorsen debated other students regarding Christianity as the one true faith.

20. In 2018 and 2019, Uprising met in the mornings before school started.

21. Thorsen's debating tactics often involved using his stature as a history teacher to present his opinions as fact. He routinely used his subject of expertise as a method to demonstrate that Christianity was the only true religion.

22. Defendant Thorsen would debate students who were from different faiths or were atheist.

23. While on school property and during school hours, Defendant Thorsen would advocate Christianity to students.

24. B.D. was a student in Defendant Thorsen's history class during her freshman year and one semester during her sophomore year.

25. During class time, Defendant Thorsen would degrade the religion of Islam often playing it off like a joke.

26. On multiple occasions, Defendant Thorsen approached B.D., a 14 year old, and asked if she could answer certain questions about Mohammad's (whom Muslims believe is the Prophet of God) life.

27. The questions, concerning Muhammad's family life, were those commonly used by popular detractors of Islam.

28. There was no educational purpose to Defendant Thorsen's inquiry. The questions led to several discussions between Defendant Thorsen and B.D. where he continued to challenge Islam.

29. Defendant Thorsen, on numerous occasions, would privately discuss the merits of Islam, while also arguing that his religion was the correct one based on certain statements presented as historical fact.

30. These frequent discussions continued into B.D.'s sophomore year.

31. The meetings all took place at school, and while B.D. initially attempted to support her Islamic faith against Thorsen, he continued to wear her down with his discussion of the merits of Christianity.

32. During these discussions, while B.D. expressed confusion, Defendant Thorsen began overtly promoting his Christian faith to her.

33. The discussions continued before school, after school, and sometimes during her lunch hour.  Eventually, Defendant Thorsen began to guide her into decisions she should make regarding her religion.

34. At no time were Plaintiffs, B.D.'s parents, notified of what was occurring at these meetings.

35. At no time, was B.D. referred to a counselor or social worker.

36. During the Fall of 2018, B.D. continued to meet with Defendant Thorsen and attended the Uprising club.

37.  During the Winter of 2019, Defendant Thorsen referred B.D. to various members of his church, including the pastor.

38. Some of these church members included people who had specifically converted from Islam to Christianity.

39. B.D. was soon bombarded with emails and texts from these church members.  They continued to support B.D. in her potential decision to convert to Christianity.

40. Defendant Thorsen asked one of the individuals to offer her home for B.D. to stay.  These individuals began to advise B.D. on the process to emancipate herself from her parents.

41. Defendant Thorsen also delivered a Bible to B.D. through one of these individuals.

42. Defendant Thorsen also directed Christian students from the Uprising group to contact B.D. and offer her a place to stay.

43. All of these referrals and conversations occurred without anyone informing B.D's parents.

44. Furthermore, while making these referrals, Thorsen used defamatory comments depicting Plaintiffs as parents from whom B.D. needed protection.

45. Due to Defendants' consistent and relentless actions, B.D. decided to abandon her Islamic faith and accept Christianity.

46. B.D. also began to distance herself from her family.

47. Plaintiffs and B.D. suffered mental distress that required medical attention.

48. On or about March 2019, Plaintiffs informed D300 of B.D.'s recent behavior.

49. D300 elected to investigate the matter with Plaintiffs' cooperation.

50. The investigation confirmed Defendant Thorsen's long term endorsement and promotion of his religion at school.

51. Despite evidence of Defendant Thorsen's blatant violation of Plaintiffs' constitutional rights, and endangerment of B.D., D300 elected to simply transfer Defendant Thorsen to another school within the District.

52. Defendants' actions have led to severe emotional distress for B.D. and the Plaintiffs.

## COUNT I – VIOLATION OF 42 U.S.C. § 1983 (1ST AMENDMENT) (THORSEN)

53. Plaintiffs' re-allege and incorporate by reference paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. Defendant Thorsen in his individual capacity denied Plaintiffs and their daughter the rights guaranteed to them by the U.S. Constitution.

6

55. Defendant Thorsen, a public-school teacher, is a person acting under color of state law.

56. Defendant Thorsen's actions caused the violation of Plaintiffs' rights under the Establishment Clause of the First Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution.

57. Defendant Thorsen's actions coercively exposed B.D. and Plaintiffs to religious exercise and messaging sponsored by school officials.

58. Defendant Thorsen's actions unlawfully endorsed a particular religion.

59. Defendant Thorsen's actions were intentional.

60. Defendant Thorsen's actions had the primary purpose and effect of promoting and advancing religion.

61. Defendant Thorsen's actions caused Plaintiffs and B.D.'s damages, including mental and emotional distress.

## COUNT II – VIOLATION OF 42 U.S.C § 1983 (FIRST AMENDMENT) (D300 AND HEID)

62. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63. Defendants D300 and Heid, in his official capacity, established and implemented customs and practices that violated Plaintiffs' rights under the Establishment Clause of the First Amendment of the First Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution.

64. D300 and Heid are persons acting under the color of state law.

65. Defendants D300 and Heid established a custom and practice of promoting and advancing religion through hiring Defendant Thorsen.

7

66. Defendants D300 and Heid established a custom and practice of promoting and advancing religion by permitting Defendant to promote Evangelical Christianity while denigrating other religions.

67. Defendants D300 and Heid established a custom and practice of promoting and advancing religion through promoting the "Uprising" club, supervised by Defendant Thorsen, in which the active proselytizing of Evangelical Christianity took place.

68. Defendants D300 and Heid's customs and practices caused a violation of Plaintiffs and B.D.'s constitutional rights.

69. Defendants D300 and Heid's actions were intentional or reckless.

70. Defendant Thorsen's actions were a reasonably foreseeable consequence of Defendant D300 and Heid's actions.

71. Defendants D300 and Heid's actions caused Plaintiffs and B.D.'s damages, including mental and emotional distress.

## <u>COUNT III – SUBSTANTIVE DUE PROCESS VIOLATION (THORSEN)</u>

72. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73. Defendant Thorsen in his individual capacity deprived Plaintiffs of their constitution right to liberty in directing B.D.'s upbringing.

74. Defendant Thorsen, a public-school teacher, is a person acting under color of state law.

75. Defendant Thorsen's actions caused the violation of Plaintiffs' rights under the substantive due process component of the Fourteenth Amendment to the United States Constitution.

76. Defendant Thorsen's actions unlawfully usurped Plaintiffs' role of controlling the upbringing, religious or otherwise, of their daughter.

77. Defendant Thorsen's actions were intentional.

78. Defendant Thorsen's actions caused Plaintiffs' damages, including mental and emotional distress.

## COUNT IV – SUBSTANTIVE DUE PROCESS VIOLATION (D300 AND HEID)

79. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80. Defendants D300 and Heid, in his official capacity, have established and implemented customs and practices that deprived Plaintiffs of their constitutional right to liberty in directing A.C.'s upbringing.

81. D300 and Heid are persons acting under the color of state law.

82. Defendants D300 and Heid's actions caused the violation of Plaintiff's rights under the substantive due process component of the Fourteenth Amendment to the United States Constitution.

83. Defendants D300 and Heid's actions unlawfully usurped Plaintiffs' role of controlling the upbringing, religious or otherwise, of their daughter.

84. Defendants D300 and Heid established a custom and practice of usurping parents' liberty to choose and maintain their children's upbringing through hiring Defendant Thorsen.

85. Defendants D300 and Heid established a custom and practice of usurping parents' liberty to choose and maintain their children's upbringing by retaining Defendant Thorsen as a history teacher where he could promote a certain religion while denigrating others.

86. Defendants D300 and Heid established a custom and practice of usurping parents' liberty to choose and maintain their children's upbringing by promoting the "Uprising" club, supervised by Defendant Thorsen, in which the active proselytizing of Evangelical Christianity took place.

87. Defendants D300 and Heid's actions were intentional or reckless.

88. Defendant Thorsen's actions were a reasonably foreseeable consequence of Defendant D300 and Heid's actions.

89. Defendants D300 and Heid's actions caused Plaintiffs' damages, including mental and emotional distress.

## COUNT V – EQUAL PROTECTION VIOLATION (THORSEN)

90. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91. Defendant Thorsen in his individual capacity deprived Plaintiffs and A.C. of their constitution right to equal protection of the laws.

92. Defendant Thorsen, a public-school teacher, is a person acting under color of state law.

93. As Muslims, Plaintiffs and B.D. are members of a suspect class.

94. Defendant Thorsen exhibited a clear pattern of differential treatment to Plaintiffs and B.D. due to the fact they were Muslim.

95. Among other actions, Defendant Thorsen actively ridiculed Islam, preached the teachings of Evangelical Christianity to B.D., and actively denigrated the Islamic faith.

96. Defendant Thorsen, without informing Plaintiffs, referred B.D. to third parties, who advised her on how to convert to Christianity and to emancipate herself from Plaintiffs' care.

97. Defendant Thorsen did not treat other, similarly situated students and parents in the same manner.

98. Defendant Thorsen's actions were intentional and specifically designed to discriminate against Plaintiffs and B.D. due to their membership in a suspect class.

99. Defendant Thorsen's actions caused Plaintiffs and B.D.'s damages, including mental and emotional distress.

## COUNT VI – EQUAL PROTECTION VIOLATION (D300 AND HEID)

100.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 99 of this Complaint as if fully set forth herein.

101.    Defendants D300 and Heid, in his official capacity, have established and implemented customs and practices that deprived Plaintiff and A.C. of their constitutional right to the equal protection of laws.

102.    D300 and Heid are persons acting under the color of state law.

103.    As Muslims, Plaintiffs and B.D. are members of a suspect class.

104.     Defendants D300 and Heid's actions demonstrated a pattern of differential treatment to Plaintiffs and B.D. due to the fact they were Muslim.

105.    Defendants D300 and Heid established a custom and practice of allowing differential treatment to Plaintiffs and B.D. by hiring Defendant Thorsen.

106.    Defendants D300 and Heid established a custom and practice of allowing differential treatment to Plaintiffs and B.D. by retaining Defendant Thorsen as a history teacher where he promoted Evangelical Christianity while denigrating Islam.

107.    Defendants D300 and Heid established a custom and practice of allowing differential treatment to Plaintiffs and B.D. by promoting the "Uprising" club, supervised by Defendant Thorsen, in which the active proselytizing of Evangelical Christianity took place.

108.     Defendants D300 and Heid's customs and practices allowed for Thorsen to treat other, similarly situated students and parents differently than Plaintiffs and B.D.

109.     Defendants D300 and Heid's actions were intentional or reckless.

110.     Defendant Thorsen's actions were a reasonably foreseeable consequence of Defendant D300 and Heid's actions.

111.      Defendants D300 and Heid's actions caused Plaintiffs and B.D.'s damages, including mental and emotional distress.

## **RELIEF REQUESTED**

Plaintiffs Yosuf Chaudhry and Amena Alvi request the following relief in the form of a judgment against Defendants Community Unit School District 300 Board of Education, Fred Heid, and Pierre Thorsen, jointly and severally:

A.  Entry of judgment for Plaintiffs and against Defendants for compensatory damages in an amount to be determined at trial, as a remedy for the mental and emotional distress suffered by Plaintiffs;

B.  Entry of judgment for Plaintiffs and against Defendants for punitive damages in an amount to be determined at trial for willful and wanton behavior;

C.  An award, from Defendants to Plaintiffs, of reasonable attorneys fees and costs incurred in connection with this action, pursuant to 42 U.S.C. § 1988; and

D.  Such further relief as this Court deems fit.

Respectfully submitted,
**YOSUF CHAUDHRY AND
AMENA ALVI**


*Zubair Khan*

_____
By: One of their attorneys



Zubair A. Khan (6275265)
Trivedi & Khan, P.C.
550 W. Washington Blvd., Suite 201
Chicago, IL 60661
Phone: (224) 353-6346
Fax: (224) 353-6348
Email: service@trivedikhan.com