IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Yosuf Chaudhry and Amena Alvi, <br><br> Plaintiffs, <br><br> v. <br><br> Community Unit School District 300 Board of Education, and Pierre Thorsen, <br><br> Defendants. | No. 20-cv-50381 <br><br> Hon. Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Yosuf Chaudhry and Amena Alvi's complaint contends that Defendant Pierre Thorsen promoted Christianity as a teacher in a public school, while denigrating Islam, and helped their then-minor daughter convert, thus usurping Plaintiffs' right to raise their daughter in the Islamic faith. Dkt. 39, ¶¶ 68, 88–89. Though many of Plaintiffs' allegations concern the activities of Pierre Thorsen, Plaintiffs also sue his former employer—Community Unit School District 300 ("District 300"). Plaintiffs further allege that due to Defendants' actions, their daughter abandoned the Islamic faith, converted to Christianity, and distanced herself from her family. *Id.* ¶¶ 55–56. Though Plaintiffs have already amended their complaint twice, they now move the Court for leave to amend the complaint a third time.

A. Background

For much of this case, Defendants and this Court reasonably understood that Plaintiffs brought their claims on behalf of themselves and as well as their minor

1

daughter, Aliya Noor Chaudhry.[1] Indeed, based on a natural reading of Plaintiffs' complaints, the Court understood that Aliya was a willing plaintiff. She was not. In preparing to rule on the pending motion to dismiss, the Court presented the parties with a series of questions. Part of that questioning concerned whether Aliya had reached the age of majority, whether she was still a student at Jacobs High School, whether she agreed with the relief sought in the case, and whether she was involved in the drafting of the second-amended complaint. Dkt. 76. The Court then set a status hearing to discuss these issues, and the pending motion to dismiss, and specifically ordered the parties, including Aliya, to appear telephonically. Dkt. 77.

Notwithstanding the Court's order, no one instructed Aliya to participate in the call. Nonetheless, the status hearing proved informational. Although the first-amended complaint described Aliya as a Plaintiff (she was similarly described in the original complaint), Plaintiffs' counsel told the Court that Aliya was not a plaintiff in this case, and she never had been. This was news to the Court given the second-amended complaint's description of her as a party. Indeed, the second-amended complaint lists her under the "Parties" section and refers to her as "Plaintiff B.D."—twice.[2] Dkt. 39, ¶¶ 10, 11. Nevertheless, counsel claimed she was not a party and never was one. He further admitted that he has never directly interviewed Aliya, even though almost all of the allegations in the complaint

---

[1] Plaintiffs' daughter, Aliya Noor Chaudhry, was previously referred to as B.D., as she was a minor when this action was filed. Because she is no longer a minor, the Court refers to her by her real name.

[2] Plaintiffs' second-amended Complaint furthermore makes repeated references to Aliya, including allegations about her, that make clear she was considered a plaintiff in this case.

2

address Aliya's personal knowledge, rather than that of her parents. Indeed, he explained his reasonable inquiry under Rule 11 for the allegations in the complaints was based on discussions with the actual Plaintiffs, Aliya's parents.

After the status hearing, the Court spoke with Aliya directly by telephone. She confirmed that she provided no information to counsel for the complaint, had not participated in the drafting of any complaint in this action, that the suit upset her, and that this litigation has been very difficult for her. She explained that she did not want to be involved. Aliya made clear to the Court that she has no desire to be involved in any part of this litigation or in suing Defendants. So, the Court recruited counsel for the limited purpose of ensuring her rights are protected and that she has representation during any subsequent depositions or other proceedings that may occur. Dkt. 90.

Soon after the status hearing, Plaintiffs filed the pending motion to amend and correct the complaint a third time. Dkt. 89. In that motion, despite repeated representations to the Court, Plaintiffs' counsel now admits that some of the original claims were brought on behalf of Aliya, whom he never even interviewed. *Id.* ¶ 9 ("The Plaintiffs' Second Amended Complaint contained claims on their own behalf and on behalf of their minor daughter."). Furthermore, Plaintiffs' counsel's claimed reason for amending the complaint a third time is that Aliya has now reached the age of majority and he can no longer bring claims on her behalf. The motion also notes the need to remove Defendant Heid from the suit, because his presence in this suit is redundant to his employer. *Id.* ¶ 12. Other than minor

3

changes in word choices, the proposed third-amended complaint contains very few changes. Its primary purpose is to remove references to Aliya as a plaintiff and former Superintendent Heid as a defendant.[3]

### B. Analysis

When a party is no longer able to amend its pleading as a right, that party may amend "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). If the court has already set a scheduling order under Federal Rule of Civil Procedure 16, and the party requests leave to amend after that deadline passed, then the court may only allow the amendment on a showing of good cause. Fed. R. Civ. P. 16(b)(4). Here, the revised case management order set August 1, 2022, as the deadline to amend. Dkt. 73. Thus, the deadline has not passed, and Plaintiffs need only meet the liberal standard under Rule 15.

District 300 is unopposed to Plaintiffs' motion to amend. Dkt. 96. Defendant Thorsen, however, argues that the amendment may be futile. Dkt. 95, ¶ 4. Thorsen points out that the interrogatories he served on Plaintiffs questioned the basis for Plaintiffs' allegations. *Id.* ¶ 2. Thorsen does not otherwise develop this argument or explain how amending the complaint would prove futile. Indeed, if the purpose of the proposed amendment is to merely remove Plaintiffs' daughter and Superintendent Heid from the complaint, then that is what the proposed

---

[3] The proposed third-amended complaint also changes the allegation that Thorsen was transferred to another school within the District to allege that he was instead suspended for ten days and then transferred. *Id.* ¶ 59.

4

amendment successfully does.

Whether to grant the motion to amend "is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). And although leave to amend should be given freely, especially if leave is sought to amend the original complaint, courts are within their sound discretion to deny leave to amend if the amendment is futile. "Where it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and to enter an immediate final judgment, just as when an amendment has been unduly delayed or would cause undue prejudice to other parties." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). In this case, Thorsen summarily argues that the amendment is futile, though he doesn't explain why the amendment is futile. On the contrary, the amendment performs exactly the task it purports to perform. It removes former Superintendent Heid and Plaintiffs' daughter. Though not well developed, Thorsen's response also implies frustration with Plaintiffs' lack of response to his written interrogatories and curiosity over how Plaintiffs think their "allegations could be true." Dkt. 95, ¶ 2.

To be sure, the Court has noted in open court and in this order incredulity over Plaintiffs' counsel apparent failure to directly interview Aliya before filing this suit. Regardless of whether counsel intended the complaint to read as if Aliya was a named plaintiff, she is still at the center of the complaint's allegations, and a reasonable inquiry before filing this action likely should have included talking to her directly. Nevertheless, Thorsen does not explain how Plaintiffs' counsel's

5

apparent sloppiness in filing this suit renders the amendment futile. Thorsen merely concludes that it is. On the contrary, the amendment appears to serve the important purpose of removing references to Aliya, who is now an adult and uninterested in suing anyone.[4] It further serves the legitimate purpose of removing a redundant defendant. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Thus, the Court grants Plaintiffs motion to amend their complaint.

### C. Conclusion

For the reasons explained above, Plaintiffs' motion to amend [89] is granted. Plaintiffs are directed to separately file the third-amended complaint. Because the Court has granted the motion to amend, the pending motion to dismiss [45] is stricken as moot. Defendants may refile the motion against the third-amended complaint if warranted. Plaintiffs and their counsel are on notice that the Court is troubled by the inconsistent statements and likely inadequate prefiling investigation. As this case unfolds, any violations of Plaintiffs' and Plaintiffs' counsel's obligations under the Federal Rules of Civil Procedure may result in sanctions. And all parties should consider the interests of Aliya—a non-party—as this action proceeds.

Date: <u>March 29, 2022</u>　　　　By:　_____
　　　　　　　　　　　　　　　　　　IAIN D. JOHNSTON
　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] Aliya, through recruited counsel, has filed a notice with the Court that further establishes that she did not authorize anyone to bring claims on her behalf and has no interest in pursuing any of the claims purportedly brought on her behalf. Dkt. 99. Once again, the Court thanks recruited counsel for their efforts in this action.

6