IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| YOSUF CHAUDHRY AND AMENA ALVI, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY UNIT SCHOOL DISTRICT 300 BOARD OF EDUCATION, and PIERRE THORSEN, <br><br> Defendants. | Case No. 3:20-cv-50381 <br><br> Honorable Iain D. Johnston |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Yosuf Chaudhry and Amena Alvi's Motion to Reconsider March 30, 2023 Ruling on Motion to Dismiss and to Extend Time to File Amended Complaint (the "Motion"). Dkt. 183. In the Motion, they stack one error on top of another error. And, as we all know, two wrongs don't make a right. (There are actually three errors. Nevertheless, the concept still applies.) They ask the Court to revisit its March 30, 2023, Memorandum Opinion and Order (the "Order") dismissing their invasion of privacy, intentional infliction of emotional distress, negligent hiring, and negligent supervision claims against the School District. *See id.* at ¶¶ 3–4; Dkt. 177, at 14. They also ask the Court to extend the time allotted to file an amended complaint. For the following reasons, Mr. Chaudhry and Ms. Alvi's Motion is denied. Dkt. 183.

1

In support of the Motion, Mr. Chaudhry and Ms. Alvi invoke Rule 59(e). Dkt. 183, at 1, 2, 3. Federal Rule of Civil Procedure 59(e) allows a party to "direct the district court's attention" to a "manifest error of law or fact," thereby allowing "the court to correct its own errors and thus avoid unnecessary appellate procedures." Fed. R. Civ. P. 59(e); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Necessarily, then, a successful motion to reconsider requires the district court to have erred. *See Moro*, 91 F.3d at 876. But the appropriate rule under these circumstances is Rule 54(b). *Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *5-6 (S.D. Ind. Jul. 14, 2014); Fed. R. Civ. P. 54(b). Despite this error, the standard is basically the same. *Woods v. Resnick*, 725 F. Supp.2d 809, 827 (W.D. Wis. 2010).

The School District moved to dismiss Mr. Chaudhry and Ms. Alvi's invasion of privacy, intentional infliction of emotional distress, negligent hiring, and negligent supervision claims on three fronts. *See* Dkt. 149, at 19–21. It argued that the state-law claims were barred by the Illinois Tort Immunity Act, 745 ILCS 10/2-201, 2-202, that the state-law claims were not supported by facts sufficient to state a claim, and that Mr. Thorsen was acting beyond the scope of his employment. *Id.*

In response to the motion to dismiss, Mr. Chaudhry and Ms. Alvi only addressed the immunity and scope of employment arguments, but did *not* address whether they alleged sufficient facts to state a claim. *See* Dkt. 157, at 15–18. So, the Court dismissed such claims with prejudice. Dkt. 177, at 14 (citing *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018)).

2

Now, in their Motion, Mr. Chaudhry and Ms. Alvi argue that they "specifically address all arguments" made by the School District regarding the state-law claims. Dkt. 183, at ¶ 4. But that's simply wrong. They cite to the pages of their response where they discuss the arguments against immunity. *Id.* (citing Dkt. 157, at 15–16). They go on to highlight that their response "specifically addresses" the School District's "claim of immunity," and includes "multiple cases along with the interpretation of Section 201 of the Tort Immunity Act." *Id.* at ¶ 5.

Evidently, Mr. Chaudhry and Ms. Alvi misunderstand the Court's Order. The Court is well aware that they addressed the immunity arguments. That was never at issue. Rather, the Court dismissed the state-law claims against the School District because Mr. Chaudhry and Ms. Alvi failed to respond to the argument that there were insufficient facts supporting their claims. Dkt. 177, at 14. Indeed, the most that Mr. Chaudhry and Ms. Alvi offer in response is a high-level, undeveloped assertion that the School District's liability is based on Mr. Thorsen's conduct. Dkt. 157, at 17–18. They should have, at the bare minimum, discussed the alleged facts as applied to the elements of each cause of action.

"[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver." *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) (internal quotations and citation omitted omitted). This principle should not come as a surprise. As is readily apparent from the Court's Standing Orders (which all litigants are expected to be familiar with), a failure to respond to an argument independently

3

supports dismissal. *See* Hon. Iain D. Johnston Standing Order, Failure to Respond. The Court was on solid ground to find waiver under these circumstances and dismiss these particular claims. *See Boogaard*, 891 F.3d at 295; *United States v. Berkowitz*, 927 F.2d 1376, 1383 (7th Cir. 1991).

Mr. Chaudhry and Ms. Alvi provide no excuse for failing to respond to the School District's arguments that there were insufficient facts alleged to state a claim. And a motion to reconsider—whether under Rule 59(e) or Rule 54(b)—does not provide a vehicle for a party to undue its own procedural failures. *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Mr. Chaudhry's and Ms. Alvi's procedural error was failing to respond to the School District's arguments that insufficient facts were plead to support the supplemental state-law claims. They have only compounded that error by now asserting that they did respond to all of the School District's arguments when they plainly did not. The Court has already warned their counsel about Rule 11. The Court now reiterates that warning. Fed. R. Civ. P. 11(b)(3) (by presenting a motion to the court, attorneys certify to the best of their knowledge, information, and belief, formed after reasonable inquiry that the factual contentions have evidentiary support). Sanctions will be imposed if another violation occurs.

Having discerned no error in the Court's Order, Mr. Chaudhry and Ms. Alvi's arguments are unmeritorious and their Motion is denied. Dkt. 183. What's more, during the pendency of their Motion, Mr. Chaudhry and Ms. Alvi filed a Fourth Amended Complaint. Dkt. 184. The Fourth Amended Complaint realleges the state-law claims that the Court previously dismissed with prejudice. *Id.* at ¶¶ 142–51

4

(invasion of privacy); *id.* at ¶¶ 159–68 (intentional infliction of emotional distress); *id.* at ¶¶ 169–79 (negligent hiring); *id.* at ¶¶ 180–87 (negligent supervision). These claims are stricken from the Fourth Amended Complaint.

As a final note, and again raising Rule 11, the Court hopes that the allegations in the Fourth Amended Complaint find evidentiary support in their daughter's—B.D.'s—deposition.

Date: May 1, 2023

_____
Honorable Iain D. Johnston
United States District Judge